UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 16-cv-23051

PAULINA GUERRERO,

     Plaintiff,

v.

MORAL HOME SERVICES, INC.
and ARMANDO MORALES ROSE,

     Defendants.

_____/

## COMPLAINT

Plaintiff, PAULINA GUERRERO, on behalf of herself and all others similarly situated, sues the Defendants, MORAL HOME SERVICES, INC. and ARMANDO MORALES ROSE, based on the following good cause:

## PARTIES, JURISDICTION AND VENUE

1. This is an action to recover monetary damages, liquidated damages, interest, costs and attorney's fees for willful violations of overtime and minimum wage pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("the FLSA").

2. Plaintiff, PAULINA GUERRERO, was and is a sui juris resident of Miami-Dade County, Florida, at all times material hereto. She was an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203 (e). Plaintiff consents to participate in this lawsuit.

3. Defendant, Moral Homes Services, Inc., is a sui juris Florida for-profit business with its principal place of business and registered agent in Miami-Dade County, Florida, that conducts its for-profit business in this District.

4. Defendant, Armando Morales Rose, was and is the owner and operator of the corporate Defendant for the relevant time period. He conducts business in this District and he runs the day-to-day operations of the corporate Defendant and was responsible for paying Plaintiff's wages at all times material.

5. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

6. The individual Defendant, Morales, is an "employer" as defined in 29 U.S.C. § 203(d), as he had and continues to have control over the Defendant Corporation and is directly involved in decisions affecting employee compensation and hours worked by employees. Defendant also hired and fired employees, determined rate of compensation and was responsible for ensuring employees were paid the wages required by the FLSA.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., a federal statute.

9. Plaintiff bring this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., (hereinafter "Act" or "FLSA") to recover overtime, and an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

10. Defendant, Moral Homes Services, Inc., was, during all times mentioned, an enterprise engaged in commerce as defined in Section 3( r) of the Act, 29 U.S.C. §203(r) and 203(s).

11. Upon information and belief, the annual gross revenue of Defendant Moral Homes Services, Inc., was at all times material hereto in excess of $500,000 per annum.

## FACTUAL ALLEGATIONS

12. Plaintiff is a former employee of Defendants, who worked for the Defendants from 2013 to 2016. Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e). Defendant controlled Plaintiff's work hours, work location, and duties to be performed.

13. Defendants have been at all times material hereto engaged in interstate commerce in the course of their provision of care and services which, traditionally, cannot be performed without using goods, materials, medication, supplies, and equipment that have all moved through interstate commerce. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors and/or the United States government. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

14. In particular, Defendants own and operate a home healthcare company that utilizes computers, software, medical equipment and supplies, furniture, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

15. Plaintiff's work for Defendants caused her to engage in interstate commerce and as such, the Fair Labor applies to Plaintiff's work for Defendants in the course of her using telephones, cleaning materials and supplies, food, produce, personal cleaning products, and other goods and supplies that moved through interstate commerce.

16. Plaintiff worked for Defendants as a home health aide from approximately 2013 to 2016.

17. Plaintiff spent more than 20% of her time performing tasks that were not exempt or tangentially related to her providing companionship services, such that she is entitled to overtime pay.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

19. Between January 2015 and December 2015, the Plaintiff was paid at a rate of Ten Dollars ($10.00) per hour by the Defendants.

20. Between January 26, 2015 and November 29, 2015 Defendants failed to pay Plaintiff overtime compensation for 782.75 worked, for a total amount owed of $3,913.75[1].

21. Pursuant to the FLSA, employers must pay employees overtime pay for the hours worked in excess of forty (40) in a workweek of at least one and one-half times their regular rates of pay. See: *29 CFR 552.109*; *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015).

22. Employers are required to keep records of the hours worked each day and each workweek. Each failure to keep such records is wrongful.

23. Plaintiff has complied with all conditions precedent to the filing of this instant action.

## <u>COUNT I</u>
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime Compensation and Liquidated Damages by Defendant)

24. The allegations contained in paragraphs 1 - 25, above, are repeated as if full rewritten herein.

25. Plaintiff was paid on an hourly basis; however, on numerous occasions, Plaintiff was not paid overtime compensation owed to her in a timely manner.

---

[1] Plaintiff pay rate was $10.00 per hour.  Plaintiff's overtime rate was $15.00 per hour. Defendants owe the Plaintiff $5 for each of the 782.75 hours worked overtime between January and November 2015.

26. The Plaintiff is entitled to be paid at time and one-half for each hour worked in excess of 40 per work week.

27. Since on or about the January 2015 to December 2015 ("the applicable period covered by this Complaint"), Defendant has violated the provisions of the FLSA, 29 U.S.C. §206, 207 and §215(a)(2) by failing to pay the Plaintiff her wages on many occasions when said wages became due.

28. Defendant knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing the named Plaintiff for every hour worked during applicable pay periods and liquidated damages accrued as of the time the over-time pay first became due.

29. Defendant's failure to pay Plaintiff, overtime wages in a timely manner constitutes a violation of the FLSA. All these violations are intentional, willful and in reckless disregard, within the meaning of the Act, and Plaintiff is further entitled to liquidated damages in an amount equal to the amount of unpaid overtime due to her. Defendant, including its affiliated business entities, may have been previously involved in claims or investigations of violations of the same record keeping, wage and overtime provisions of the FLSA. Further, an employer who willfully violates the overtime provisions of the FLSA may be fined up to $10,000.00 and imprisoned up to six (6) months.

30. By all of Defendant's actions shown above, the Defendant has violated the Act by its willful and intentional conduct, and, accordingly, the controlling time period governing this action should be thee three (3) years preceding the date this action was initiated.

31. By reason of Defendant's refusal to pay Plaintiff her earned overtime compensation, it has been necessary for Plaintiff to hire labor and employment attorneys to prosecute this action and Plaintiff is entitled to reasonable charge as attorneys' fees and costs against Defendant.

**WHEREFORE**, Plaintiff requests double damages and reasonable attorney's fees and costs pursuant to the FLSA as cited above for all unpaid overtime, including liquidated damages accrued for the entire applicable employment period with Defendant or as much as is allowed by FLSA, whichever is greater, plus prejudgment interest and any and all other relief which this Court may deem reasonable under the circumstances.

### DEMAND FOR TRIAL BY JURY

### <u>DESIGNATION OF EMAIL ADDRESS</u>

Pursuant to the applicable rule, the undersigned law firm hereby designates the following primary email address:

service@angulolawfirm.com

All pleadings, motions, orders, correspondence, and/or other papers should be served on the undersigned at the email address set forth above.

Respectfully submitted,

/s/Yelina Angulo_____
Yelina Angulo Esq.
Florida Bar No.:111339
Angulo Law Firm, P.A.
5207 NW 74 Avenue
Miami, FL 33166
Tele: 305-468-9564
Email: service@angulolawfirm.com