UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 16-23051-CIV-MORENO**

PAULINA GUERRERO,

    Plaintiff,

vs.

MORAL HOME SERVICES, INC. and
ARMANDO MORALES ROSE,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case is a one-count Fair Labor Standards Act claim by Paulina Guerrero against her former employer, Moral Home Services, Inc., and its owner, Armando Morales Rose (collectively, "Assisting Hands").[1] Assisting Hands is a home health care agency that places home health care aides in private homes to provide clients with personalized non-medical care in the clients' homes. Guerrero was employed by Assisting Hands as a home health care aide from September 2012 to April 2016. She claims that Assisting Hands willfully violated the Fair Labor Standards Act by failing to pay her $3,913.75 in overtime wages in 2015. She seeks monetary damages, liquidated damages, interest, fees and costs.

This cause comes before the Court upon Assisting Hands' Motion for Summary Judgment. The main issue is whether the Department of Labor's amended regulations related to the "third-party companionship" exemption became effective on January 1 or October 13, 2015.

---

[1] Mr. Morales joins the motion for summary judgment as it pertains to the legal issues. But, he argues that he is not an "employer" under the Fair Labor Standards Act and reserves the right to raise this issue later.

I.  **BACKGROUND**

The Fair Labor Standards Act requires covered employers to pay their employees overtime wages at one and one-half times an employee's normal hourly rate for hours worked over 40 in a week. 29 U.S.C. §§ 206, 207. For any violation, the Act authorizes an aggrieved employee to bring a collective action on behalf of herself and "other employees similarly situated." *See id.* § 216(b). But, the Act also contains numerous exemptions from its wage and hour requirements. The "companionship services" exemption exempts any employee who is "employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." *See id.* § 213(a)(15).

In October 2013, the Department of Labor issued a final rule amending its regulations, to be effective January 1, 2015. *See* Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60,454 (Oct. 1, 2013) (codified at 29 C.F.R. pt. 552). The amended regulations preclude third-party employers—like Assisting Hands—from claiming the companionship services exemption. *See* 29 C.F.R. § 552.109(a) ("Third party employers of employees engaged in companionship services…may not avail themselves of the…overtime exemption.").

The proposed changes were challenged in the United States District Court for the District of Columbia. On December 22, 2014—before the planned January 1, 2015 effective date—the district court concluded that the Department of Labor exceeded its rule-making authority and vacated the rule as applied to third-party employers. *See Home Care Ass'n of Am. V. Weil*, 76 F. Supp. 3d 138 (D.D.C. 2014).[2] On August 21, 2015, the Court of Appeals for the District of Columbia reversed the district court's vacatur. *See Home Care Ass'n of Am. V. Weil*, 799 F.3d

---

[2] On January 14, 2015, the district court also vacated the remainder of the final rule, which rewrote the definition of "companionship services." *See Home Care Ass'n of Am. V. Weil*, 78 F. Supp. 3d 123 (D.D.C. 2015).

-3-

1084 (D.C. Cir. 2015). After the circuit court's decision, the Department of Labor issued guidance stating that it would not institute enforcement proceedings for violations of the amended regulations until 30 days after the Court of Appeals issued a mandate making its opinion effective, which the appellate court subsequently did on October 13, 2015. *See* Application of the Fair Labor Standards Act to Domestic Service: Announcement of 30-Day Period of Non-Enforcement, 80 Fed. Reg. 55,029 (Sept. 14, 2015). The Department of Labor began enforcing the amended regulations on November 12, 2015. *See* Application of the Fair Labor Standards Act to Domestic Service: Dates of Previously Announced 30-Day Period of Non-Enforcement, 80 Fed. Reg. 65,646 (Oct. 27, 2015).

Guerrero and Assisting Hands do not dispute that: (1) Assisting Hands is a "covered employer"[3]; (2) Guerrero provided companionship services;[4] (3) Guerrero often worked more than 40 hours per week; and (4) under the amended regulations, Guerrero is no longer an exempt employee, and Assisting Hands must pay her overtime wages. The parties dispute only the effective date of the amended regulations. Assisting Hands argues that the effective date is October 13, 2015, the date that the Court of Appeals' mandate to overturn the district court's decision took effect. Guerrero argues that the effective date is January 1, 2015, the date set by the Department of Labor in its final rule. Assisting Hands did not pay Guerrero overtime wages until October 13, 2015, except for holiday hours per internal policy. The parties also dispute one pay period ending November 29, 2015, in which Guerrero was paid 34.75 hours of overtime at $12.075 per hour instead of $15 per hour.

---

[3] *But see* note 1.

[4] To the extent Guerrero disputes that she provided companionship services, the Court holds that she provided companionship services as a matter of law and was exempt from the Fair Labor Standards Act's wage and hour requirements before 2015. *See infra*, Part III.A.

## II. LEGAL STANDARD

Summary judgment is authorized where there is no genuine issue of material fact. FED. R. CIV. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This requires more than a scintilla of evidence; a jury must be able to reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). An employee who brings suit under the Fair Labor Standards Act for unpaid overtime compensation has the burden of proving that she performed work for which she was not property compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1948).

## III. ANALYSIS

A.   **Guerrero Was an Exempt Employee Before 2015**

It is unclear whether Guerrero asserts that she was a non-exempt employee before 2015, under the old regulations. However, the evidence supporting Guerrero's claim relates only to pay periods ending in 2015. Therefore, her exemption status before 2015 under the old regulations is irrelevant.[5] Accordingly, the Court **GRANTS** Assisting Hands' motion for summary judgment to the extent that Guerrero's claim relates to the old regulations.

---

[5] Even if Guerrero did seek overtime pay under the old regulations, the Court finds that she was an exempt employee as a matter of law. *See Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986) (determination whether an employee's job qualifies as exempt from federal wage laws is a question of law to be resolved by the courts). There is substantial undisputed evidence in the record describing her job duties, which clearly fit within the definition for companionship services in 20 C.F.R. § 552.6.

B.  **The Effective Date of the Amended Regulations is January 1, 2015**

This is an issue of first impression in the Eleventh Circuit. District courts are split on whether the effective date of the amended regulations is January 1, October 13, or November 12, 2015. *See, e.g., Dillow v. Home Care Network, Inc.*, No. 1:16-cv-612, 2017 U.S. Dist. LEXIS 27133 (S.D. Ohio Feb. 27, 2017) (effective **January 1**); *Cummings v. Bost, Inc.*, No. 2:14-CV-02090, 2016 U.S. Dist. LEXIS 150858 (W.D. Ark. Nov. 1, 2016) (effective **January 1**); *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, No. 3:16-cv-00026, 2016 U.S. Dist. LEXIS 153736 (S.D. Iowa Sept. 21, 2016) (effective **January 1**); *Kinkead v. Humana, Inc.*, No. 3:15-cv-01637, 2016 U.S. Dist. LEXIS 93410 (D. Conn. July 19, 2016) (effective **January 1**); *Bangoy v. Total Homecare Solutions, LLC*, No. 1:15-CV-573, 2015 U.S. Dist. LEXIS 177859 (S.D. Ohio Dec. 21, 2015) (effective **November 12**).[6]

Assisting Hands argues that the effective date is no earlier than October 13, 2015, when Assisting Hands began paying overtime wages to its home health care aides. Guerrero argues that the effective date is January 1, 2015. The parties' arguments mirror the reasoning on either side of the district court split, with Assisting Hands relying on *Bangoy* and Guerrero relying on *Kinkead, Lewis-Ramsey* and *Cummings*.[7] The Court agrees with the more recent well-reasoned opinions that conclude the effective date is January 1, 2015.

The *Bangoy* court was the first to address the issue and held that the effective date was November 12, 2015. The court reasoned that permitting a plaintiff to recover for a violation of

---

[6] A few other district court decisions indicate an effective date, but do not analyze the issue in depth. *See, e.g., Alves v. Affiliated Home Care of Putnam, Inc.*, No. 15-CV-1593, 2017 U.S. Dist. LEXIS 17893 (S.D.N.Y. Feb. 8, 2017) (declaring without analysis effective date of **October 13**); *Wengerd v. Self-Reliance, Inc.*, No. 3:15-cv-293, 2016 U.S. Dist. LEXIS 136885 (S.D. Ohio Oct. 3, 2016) (indicating effective date of **November 12**); *Jasper v. Home Health Connection, Inc.*, No. 2:16-cv-125, 2016 U.S. Dist. LEXIS 71616 (S.D. Ohio June 1, 2016) (contemplating effective date of **October 13**); *Beltran v. InterExchange, Inc.*, No. 14-cv-03074, 2016 U.S. Dist. LEXIS 21065 (D. Colo. Feb. 22, 2016) (declaring without analysis effective date of **January 1**).

[7] *Dillow* was decided after the parties briefed summary judgment.

the amended regulations while the vacatur was in effect would give the amended regulations an impermissible retroactive effect. *See* 2015 U.S. Dist. LEXIS 177859, at *7. The court believed that the employer was entitled to rely on the district court's vacatur in not paying overtime because forcing employers to comply with the amended regulations while they were vacated and on appeal would put employers in "an untenable position." *See id.* The court also was persuaded by the Department of Labor's decision to delay enforcement actions until November 12, 2015 as a strong suggestion that the amended regulations should not be given retroactive effect in cases between private parties. *See id.* at *7-8.

Since *Bangoy*, all four district judges to analyze the issue in depth—including one judge in the same district—have concluded that the effective date is January 1, 2015.[8] Contrary to *Bangoy*, these courts follow "the well-established rule that judicial decisions are presumptively retroactive in their effect and operation." *See, e.g.*, *Kinkead*, 2016 U.S. Dist. LEXIS 93410, at *7 (citing *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993) (circuit court ruling "is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.")); *see also Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 91, n.7 (2d Cir. 2009) (despite fact that "the parties relied on [prior overruled decisions] when structuring their transactions, the Supreme Court has held that a reliance interest is insufficient to overcome the presumption of retroactivity set forth in *Harper*."). Thus, these courts reject the argument accepted in *Bangoy* that reliance on the district court's vacatur

---

[8] The *Bangoy* court stated "Plaintiffs…cite no authority for their 'heads I win, tails you lose' theory of the case." *See* 2015 U.S. Dist. LEXIS 177859, at *7. Later, the *Dillow* court examined the briefings submitted in *Bangoy* and concluded that the plaintiffs' response brief was very sparse, resulting in an opinion with no discussion of several relevant cases. *See* 2017 U.S. Dist. LEXIS 27133, at *8 n.2. This suggests that more extensive briefing could have led to a different result in *Bangoy*.

justifies a non-retroactive application of the circuit court's reversal. *See Kinkead*, 2016 U.S. Dist. LEXIS 93410, at *8 ("Although defendants might have hoped that the district court's decision would spare them from having to pay overtime, they were doubtlessly aware of a likelihood that the D.C. Circuit would do just what appellate courts often do—reverse the decision of a district court."); *Lewis-Ramsey*, 2016 U.S. Dist. LEXIS 153736, at *12 (rejecting argument that it would be unfair to ignore district court's vacatur in finding that it would be "far more 'unfair' to allow Defendant to escape liability for nearly a year's worth of overtime wages based on a district court decision that was ultimately deemed to be error."); *Cummings*, 2016 U.S. Dist. LEXIS 150858, at *20 (noting it would be "contrary to general principles of fairness" to allow defendant to duck liability for overtime wages based on an erroneous decision that was reversed."); *Dillow*, 2017 U.S. Dist. LEXIS 27133, at *10-11 ("[t]he fairness principle at issue should be obvious—a party who relies upon the wrong interpretation of the law should not be rewarded over a party who relies upon the correct interpretation."). *Dillow* further explains:

> It is disingenuous to suggest that Defendant, or any other similarly situated party, could not anticipate that there was a significant possibility the D.C. District Court's decision in *Weil* would be overturned on appeal. That is the natural and foreseeable consequence of the appellate process. The Court sees greater inequity in suggesting that an early victory in court could shield a defendant from any obligation for the length of the appellate process, even if that victory was based on a flawed understanding of the law at issue. That holding would in fact create a perverse incentive for a party that has won such an early victory to drag out the appeals process as long as possible, perhaps through repeatedly requested extensions or through other means. Even were a defendant to ultimately lose its appeal, it could save a considerable amount of money based on how many total hours of overtime it avoided paying through its delay tactics. The more equitable holding is that any party involved in ongoing litigation should be prepared to be responsible for the implications of a retroactive ruling not in its favor at the appellate level.

2017 U.S. Dist. LEXIS 27133, at *13.

The majority also rightfully rejects the idea embraced by *Bangoy* that the Department of Labor's decision to delay its own discretionary enforcement should have any effect on private enforcement actions. *See, e.g., Lewis-Ramsey*, 2016 U.S. Dist. LEXIS 153736, at *12 ("The Court additionally rejects Defendant's argument that the [Department of Labor]'s decision to delay its own discretionary enforcement of the [amended regulations] somehow mandates that private enforcement actions must also be delayed, particularly where the [Department of Labor] has consistently maintained that the effective date of the [amended regulations] is January 1."). Indeed, a discretionary decision by the Department of Labor is not binding on individual private causes of action.

The Court agrees with the well-reasoned majority and finds that the effective date of the Department of Labor's amended regulations is January 1, 2015. Accordingly, the Court **DENIES** Assisting Hands' motion for summary judgment as it relates to overtime payments between January 1 and October 13, 2015.

C.  **Assisting Hands Acted in Good Faith**

The determination of good faith for purposes of establishing liquidated damages under the Fair Labor Standards Act is a question of law for the courts. 29 U.S.C. § 260. "[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [Fair Labor Standards Act], the court may, in its sound discretion, award no liquidated damages...." *Id.*

As evidenced by the district court split on the issue, and the Department of Labor's decision to delay enforcement until November 12, 2015, Assisting Hands had an objectively reasonable basis to believe that it was not required to pay Guerrero overtime wages until at least October 13, 2015. Thus, the Court finds that Assisting Hands' decision not to pay Guerrero

overtime wages before October 13, 2015 was made in good faith as a matter of law. Accordingly, the Court **GRANTS** Assisting Hands' motion for summary judgment as it relates to liability for liquidated damages before October 13, 2015.[9]

### IV.   CONCLUSION

The Court has considered Assisting Hands' motion, the response, the reply, the sur-reply and pertinent portions of the record. Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Assisting Hands' Motion to for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART** as follows:

- **GRANTED** to the extent that Guerrero's claim relates to the old regulations that predate 2015;

- **DENIED** as it relates to overtime payment between January 1 and October 13, 2015; and

- **GRANTED** as it relates to liability for liquidated damages before October 13, 2015.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th of March 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[9] Liquidated damages may still be assessed for the pay period ending November 29, 2015, depending on the remaining issues of fact related to that pay period.